IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HOLLY PAXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 06-0302-CV-W-DW-SSA |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Holly Paxton seeks judicial review of the denial of her request for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

    I.    <u>Standard of Review</u>

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); <u>Travis v. Apfel</u>, 477 F.3d 1037, 1040 (8th Cir. 2007). This review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, the Court also takes into account whatever in the record fairly detracts from its weight. <u>Singh v. Apfel</u>, 222 F.3d 448, 451 (8th Cir. 2000). The Court does not resolve factual conflicts, however, and the ALJ's decision must be upheld if it is supported by substantial evidence. <u>Harwood v. Apfel</u>, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. <u>Gwathney v. Chater</u>, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently,

it must affirm the denial of benefits if there is enough evidence to support either side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II. Discussion

Plaintiff argues that the ALJ's decision should be overturned because reversible errors were made in evaluating the credibility of her testimony and in developing Plaintiff's residual functional capacity ("RFC") and hypothetical question to the vocational expert.

A. Credibility

Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making credibility determinations, the ALJ must consider objective medical evidence, as well as any evidence relating to the so-called Polaski factors, namely: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In addition, subjective complaints, such as severity of impairments, may be discounted if there are inconsistencies found in the evidence as a whole. Id.

The Court finds that the ALJ properly evaluated Plaintiff's credibility. The ALJ found Plaintiff "relatively credible" and found that only Plaintiff's subjective allegations of a need to nap or lie down during the day were not credible. The ALJ found this allegation inconsistent with the medical and other evidence in the record as a whole. Because the ALJ fully evaluated the Plaintiff's subjective complaints, the failure by ALJ to specifically address the Polaski factors in his decision is harmless error. See Brueggemann v. Barnhart, 348 F.3d 689, 696 (8th Cir. 2003). Accordingly, the Court finds no error in the ALJ's credibility determination.

B. Residual Functional Capacity ("RFC") and Vocational Expert ("VE")

Plaintiff argues that the ALJ did not include any non-exertional limitations in her RFC or in the hypothetical question to the vocational expert, specifically, a moderate impairment in regard to concentration, persistence and pace, which she stated had been found by Dr. Williams.

The ALJ has a duty to determine the RFC based on all of the relevant evidence. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). But, the ALJ may properly exclude those

limitations he finds to be not credible. Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir. 1995).

Here, the ALJ excluded those limitations he found not credible. As noted above, the ALJ's credibility findings were made after a thorough review of the evidence in the record. That this or another Court would have made a different determination is irrelevant where, as here, the ALJ's determination is supported by substantial evidence. Accordingly, the Court finds that the ALJ's RFC and hypothetical question to the VE are supported by substantial evidence on the record as a whole.

III.    CONCLUSION

After careful examination of the parties' briefs and the complete record, the Court AFFIRMS the ALJ's decision finding that it is supported by substantial evidence on the record as a whole.


Date:   January 23, 2008                            /s/ Dean Whipple
                                                    Dean Whipple
                                         United States District Judge

3